IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KSDB, LLC and R&M ADVISORS, LLC, Plaintiffs, | § § § | |
| v. | § § § | No. 3:25-CV-1830-N |
| MICHAEL SLOAN JR. and BLUE FIRE CAPITAL, LLC, Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

The Court addresses multiple motions arising out of missed discovery and court deadlines and an apparent absent attorney. On June 6, 2026, Plaintiffs KSDB, LLC and R&M Advisors, LLC filed a Motion to Compel Initial Disclosures and for Sanctions Pursuant to Fed. R. Civ. P. 37. (Dkt. No. 18.) On July 14, 2026, Defendant Michael Sloane filed a Motion to Quash Subpoenas to Testify at a Deposition in a Civil Action. (Dkt. No. 24.) On July 20, 2026, Plaintiffs filed a Motion for Contempt of the Court's July 14, 2026 Order. (Dkt. No. 29.) And on August 14, 2026, Defendants filed a Motion for Leave to Seek Declaration of Attorney Abandonment and Relief. (Dkt. No. 37.) Each of these pending motions has been referred to the undersigned magistrate judge for a hearing, if necessary, and determination. (*See* Dkt. Nos. 23, 27, 33, 50.) The undersigned held a hearing on pending motions on September 1, 2026, at which the parties appeared through counsel. (*See* Dkt. No. 49.)

## I. BACKGROUND

Plaintiffs filed this lawsuit in July 2025 alleging claims for breach of contract and fraudulent inducement against Defendants Michael Sloane Jr. and Blue Fire Capital, LLC. (*See* Dkt. No. 1 ("Compl.").) This appears to be the latest iteration of litigation arising out of failed efforts to jointly develop a pizza and craft beer restaurant. (*See* Compl. ¶¶ 8-15.) According to Plaintiffs' factual allegations, Defendants entered into an agreement to settle prior litigation that required Defendants to deposit earnest money and file a motion to stay in an earlier lawsuit, but Defendants did not do these things. (*See* Compl. at 1.)

Defendants first appeared in this action on August 4, 2025, when Defendants' counsel, David M. Curtis, filed a special appearance and motion to dismiss based on lack of personal jurisdiction. (Dkt. No. 6.) The Court denied that motion in March 2026 and, on April 20, entered the initial scheduling order for this case based on the parties' joint report following a scheduling conference. (Dkt. Nos. 9, 14, 15.)

Problems arose during discovery. On June 6, Plaintiffs filed the motion to compel initial disclosures under Fed. R. Civ. P. 26(a)(1), contending that Defendants failed to provide initial disclosures by May 15, as the parties had agreed, and that counsel was largely unresponsive to Plaintiffs' attempts to obtain compliance without court intervention. (*See* Dkt. No. 18.) Defendants failed to file any response to the motion weeks after their deadline to do so, so the Court granted the motion to the extent it sought an order compelling Defendants to provide initial disclosures, and it

ordered Defendants to do so no later than July 20. (Dkt. No. 25.) The Court deferred ruling on Plaintiffs' request for sanctions and set up a briefing schedule on that issue. (*See id.*)

That same day, July 14, Defendant Sloane filed a motion to quash subpoenas directed to Truist Bank by Plaintiffs, seeking information on six entities associated with Defendants. (Dkt. No. 24.) The bare-bones motion was filed on Sloane's behalf by Attorney Blake L. Beckham, who had not previously appeared in this action. Plaintiffs filed their response two days later, contesting Sloane's standing to challenge the subpoenas and opposing the motion on other grounds, including the fact that it was filed by counsel who has not appeared in this action and the failure to confer on the motion. (*See* Dkt. No. 26.) On July 23, Sloane filed a reply stating that he had no contact with his attorney, Mr. Curtis, since May 21 and only learned about the subpoenas on July 13 when Truist Bank alerted him to the subpoena seeking Blue Fire Capital records. (*See* Dkt. No. 30 at 2.) Sloane asserted that he had been unable to contact Curtis and did not know whether Curtis was even alive. New counsel stated that he filed the motion to quash as an emergency effort to protect Sloane's interests but that there was not at that time an agreement to engage counsel in this action. The reply also addressed Plaintiffs' arguments made in response to the motion. (*See id.*)

Meanwhile, Defendants' deadline to provide initial disclosures as ordered passed without compliance, prompting Plaintiffs to file the motion for contempt sanctions. (Dkt. No. 29.) Defendants have not filed a response to that motion.

On July 28, based on the representations about Curtis's abandonment, the Court sua sponte stayed Defendants' deadline to file a response to the July order explaining why sanctions were not appropriate and ordered Defendants to report the status of their legal representation by August 14. (Dkt. No. 34.)

Attorneys Beckham and Chris Hudson of the law firm Beckham Portela entered notices of appearance on behalf of Defendants on August 14. (Dkt. Nos. 35, 36.) Defendants then filed a motion asking the Court to effectively restart the case based on Curtis's abandonment—for example, by allowing the parties to confer anew, entering a new scheduling order, renewing expired deadlines, withdrawing deemed admissions, and allowing Defendants to respond to a pending summary judgment motion. (*See* Dkt. No. 37.) Plaintiffs filed a response opposing such relief on the basis that Defendants have not proved attorney abandonment. (*See* Dkt. No. 48.)

This case was reassigned to Senior United States District Judge David C. Godbey on August 19. (Dkt. No. 40.) Judge Godbey promptly entered an amended scheduling order for this case. (Dkt. No. 41.)

Curtis has not appeared in this action since April 17, 2026, when he filed an objection to entry of default against Defendants. (Dkt. No. 13.) He has not filed a

motion to withdraw from this case. The parties represent that Defendants have provided their initial disclosures, and Defendants have stated that they are providing discovery responses.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Motion to Quash.

The Court first addresses Sloane's argument that the outstanding subpoenas must be quashed pursuant to Fed. R. Civ. P. 45(d)(3). (*See* Dkt. No. 24.) The subpoenas at issue were directed to Truist Bank seeking banking records related to Defendant Blue Fire Capital, LLC and associated entities Society Hospitality, LLC; Roark Hospitality, LLC; TLT Group Brentwood LLC; Legacy on Main LLC; and HM Morgantown LLC. Plaintiffs assert that Sloane lacks standing to challenge the subpoenas.[1] Sloane asserts that he has standing to challenge the subpoenas and argues that the information sought in the subpoenas is either irrelevant or disproportional to the claims and defenses in this case. (Dkt. No. 30.)

Parties may use subpoenas issued pursuant to Fed. R. Civ. P. 45 to compel the production of documents or testimony from nonparties. The rule authorizes a court to quash or modify a subpoena if the subpoena seeks the disclosure of privileged information or subjects a nonparty to undue burden. *See* Fed. R. Civ. P.

[1] Plaintiffs also argue that the motion should be denied because counsel failed to conduct a pre-motion conference or timely file objections to the subpoenas. Based on the unusual circumstances here concerning Defendants' legal representation, the Court chooses not to deny the motions based on these deficiencies.

45(d)(3)(A)(iii)-(iv); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). But "[a] party's standing to quash subpoenas served on non-parties pursuant to Fed. R. Civ. P. 45 is limited." *Williams v. Watts*, No. CV 3:25-CV-2133-D, 2026 WL 1786765, at *2 (N.D. Tex. June 22, 2026) (internal quotation marks and brackets omitted). "To have standing, '[t]he movant must "be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena."'" *Id.* (quoting *MC Trilogy Texas, LLC v. City of Heath, Texas*, No. 3:22-CV-2154-D, 2023 WL 5918925, at *9 (N.D. Tex. Sept. 11, 2023) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979))). "The movant may establish a 'personal right' to subpoenaed materials requested from a non-party in limited circumstances, such as when the subpoena seeks confidential or protected information sensitive to the movant.'" *Id.* (quoting *Allen v. Amazon*, No. 3:24-CV-2846-D, 2025 WL 3719889, at *2 (N.D. Tex. Dec. 23, 2025) (internal quotation marks omitted)). "A party challenging a subpoena issued to a non-party may not object on the grounds that it . . . seeks information that is irrelevant[,] because only the responding party can object and seek to quash a Rule 45 subpoena on those grounds." *Id.* (quoting *Allen*, 2025 WL 3719889, at *2).

Each of the subpoenas at issue requires compliance in Charlotte, North Carolina, which is in the Western District of North Carolina. (*See* Dkt. No. 24, Exh. 1.) Under Rule 45(d)(3), a motion to quash is required to be filed in that district. *See*

*Puradigm, LLC v. DBG Grp. Invs., LLC*, No. 3:23-CV-216-B, 2023 WL 6883656, at *4 (N.D. Tex. Oct. 18, 2023). This Court is not the proper one to entertain a motion to quash, including one asserted by a party in this action. *See id.*

Additionally, if the Court construes Sloane's motion in his favor as one for a protective order under Rule 26(c)—which would allow him to challenge the relevance and proportionality of the information sought, *see id.* at *5—it would consider that he has "[t]he burden . . . to show the necessity of the issuance, which contemplates a *particular and specific* demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* (quoting *MetroPCS v. Thomas*, 327 F.R.D. 600, 611 (N.D. Tex. 2018) (emphasis added)). Additionally, it would be on Sloane to show "specifically how each discovery request is not relevant or otherwise objectionable[.]'" *Id.* (quoting *Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 592 (N.D. Tex. 2017)).

Sloane has not shown that a protective order is necessary. First, with respect to Blue Fire Capital, LLC, Sloane acknowledges that the subpoena seeks discoverable information. (*See* Dkt. No. 30 at 8.) In support of his standing argument, Sloane contends that the other entities are either controlled by him or are related through ownership interests. (*See id.* at 7-9 ("[A]ll five of the subpoena target entities are, or were when they were active entities, owned or controlled by Defendant and or entities in which Defendant has a pecuniary interest.").) Sloane argues that information sought from these other related entities is either irrelevant or

disproportional because the other entities are not signatories to the agreement that is the focus of this lawsuit. He also avers that Plaintiffs' counsel represent a different party opposite Sloane in other litigation pending in Tennessee and are attempting to obtain records in this action that they cannot get there. (*See id.* at 8-9.) Sloane's conclusory assertions do not amount to a specific demonstration that is necessary to obtain a protective order. As Plaintiffs explain in response to the motion, a central issue in this lawsuit is whether Defendants had the capacity and intent to fulfill their promise to perform the Membership Interest Purchase Agreement when they signed it. (*See* Dkt. No. 26 at 11-12.) The records sought from related entities are at least relevant to whether Defendants had capacity to fulfill the agreement. The Court therefore would not enter a protective order prohibiting the discovery sought from Truist Bank through the subpoenas.

**B. Curtis's nonperformance of his duties justify some of the relief sought by Defendants in their motion based on attorney abandonment.**

By their August 14, 2026 Motion for Leave to Seek Declaration of Attorney Abandonment and Relief (Dkt. No. 37), Defendants request what is essentially a restart of this lawsuit. Specifically, the motion requests that the Court recognize Defendants' new counsel, require the parties to confer anew pursuant to Rule 26(f) and resubmit proposals for a new scheduling order, withdraw deemed admissions, withdraw the July 14 order compelling production of initial disclosures and preliminarily allowing sanctions, deny Plaintiffs' motion for contempt sanctions, and

excuse it from a lapsed deadline to file a response to Plaintiffs' summary judgment motion. (*See id.* at 18-19.)

The parties dispute whether Defendants have made a showing sufficient to establish attorney abandonment. Defendants support their motion with declaration testimony by Sloane, a paralegal, and one of its current attorneys. It is apparent, though, that Sloane's declaration does not comply with 28 U.S.C. § 1746, because the complete declaration is not signed, and the signature page used to support it obviously does not mate to the declaration submitted. That is, the discrepancies prevent the Court from accepting that Sloane has made each of the factual assertions in the declaration under penalty of perjury.

Defendants have also provided declarations from Jimmy D. Barker, Jr., a paralegal at Beckham Portela, and Chris C. Hudson, Defendants' current counsel. Barker testifies that, after Sloane contacted Beckham Portela on July 14 advising of his inability to contact Curtis, Barker called phone numbers for Curtis on his pleadings and also sent an email to his email address but received no response. Worried that Curtis had perhaps passed away, Barker conducted online research, found no obituary announcing Curtis's death, and encountered outdated information for him. Barker called a number for Curtis again and sent another email on July 28, and late that evening he received a voicemail from Curtis asking Barker to call him. Barker and others made two attempts to call Curtis the next day to no avail. On August 4, Curtis called Barker and, in a call that also included Hudson, stated that he

had back surgery on April 30, was in intensive care for about six weeks, and that he would be checking into the hospital again the following day for another surgery. Curtis stated that he had advised opposing counsel of his unavailability due to surgery. Barker states that Curtis provided the phone number to an assistant who would provide some documents, but that phone number was a wrong number and Curtis did not answer when they called him back.

Plaintiffs do not seriously contest these factual allegations. Rather, they contend that, even if Curtis abandoned them, Defendants' motion should be denied because Defendants have proved that they were reasonably diligent in remaining aware of the events in this case. (*See* Dkt. No. 48.) Plaintiffs contend that, based on his inability to contact Curtis, Sloane should have himself kept abreast of the case docket, contacted the clerk, and confirmed that discovery had been responded to and that Defendants' obligations had been satisfied. (*Id.* at 2-3.) But this is not a case in which Defendants have been unreasonably absent or checked out of the litigation. Plaintiffs have not explained, for example, how due diligence would obligate a client to contact the clerk to verify that discovery responses had been provided or other obligations met—information the clerk would not necessarily have. Additionally, the fact that Curtis called Sloane once—a missed call—and was unreachable in response does not disprove Defendants' assertion of abandonment.

The Court accepts Barker and Hudson's testimony concerning Curtis's lack of performance and unavailability generally. That does not, however, warrant a

complete redo of proceedings. Curtis completed the attorney conference that led to entry of the initial scheduling order (*see* Dkt. No. 14), and that scheduling order has since been superseded (*see* Dkt. No. 41). As for Defendants' request to allow the withdrawal of deemed admissions, the Court finds that permitting withdrawal of deemed admissions would serve presentation of the case on its merits and would not prejudice Plaintiffs, as the discovery period is far from closing and Plaintiffs have not shown any reasonable reliance or change of position based on the deemed admissions. *See Mejia v. Ayala*, No. 3:21-CV-0587-D, 2022 WL 1203098, at *2 (N.D. Tex. Apr. 22, 2022). The circumstances also provide good reason for the Court to deny Plaintiffs' motion seeking contempt sanctions.

The Court grants Defendant's motion to the extent it permits Defendants to withdraw deemed admissions and resets Defendant's deadline to file a response to Plaintiff's summary judgment motion until October 8, 2026. The motion is denied in all other respects.

**C. The Court will consider imposing sanctions against Defendants or Curtis for Plaintiffs motion to compel initial disclosures.**

Still remaining is whether sanctions should be awarded in connection with Plaintiffs' motion to compel initial disclosures. (*See* Dkt. No. 18.) As explained in the July 14 order, Fed. R. Civ. P. 37(a)(5)(A) requires the Court to order the payment of reasonable expenses incurred in filing a meritorious motion to compel except under certain exceptions. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Costs may be assessed against the party or attorney—or both. *See* Fed. R. Civ. P. 37(a)(5)(A);

*Frenotec, LLC v. Texas Motorsports & Design LLC*, No. 3:25-CV-1457-X, 2026 WL 706081, at *3 (N.D. Tex. Mar. 12, 2026).

No later than **October 8, 2026**, Defendants and Attorney David M. Curtis must file responses to the July 14 order (Dkt. No. 25) explaining why the Court should not, under Fed. R. Civ. P. 37(a)(5)(A), require them to pay Plaintiffs' reasonable expenses incurred in filing the June 6 motion to compel. Plaintiffs may file a reply in support of their request for sanctions by **October 15, 2026**. Plaintiffs are not to file affidavits or records supporting a lodestar calculation of a fee award. If after considering the responses and reply the Court determines that a fee award is appropriate, it will set a briefing schedule by separate order to assess the appropriate award.

Attorney David M. Curtis has not filed a motion to withdraw from his representation of Defendants. He remains counsel of record in this case and is delivered notices of filings by the Court's CM/ECF system. Nevertheless, **Defendants are ORDERED to deliver a copy of this order to David M. Curtis within three business days of the order and to promptly file a notice verifying delivery**.

## III. CONCLUSION

Defendant Sloane's July 14, 2026 Motion to Quash Subpoenas (Dkt. No. 24) is **DENIED**. Plaintiffs' July 20, 2026 Motion for Order Show Cause and Contempt (Dkt. No. 29) is **DENIED**. Defendant's August 14, 2026 Motion for Leave to Seek

Declaration of Attorney Abandonment and Relief (Dkt. No. 37) is **GRANTED** in part to the extent Defendant is permitted to withdraw its deemed admissions resulting from Attorney Curtis's failure to response and Defendants' deadline to file a response to the June 29, 2026 summary judgment motion is **EXTENDED** until October 8, 2026. Defendants' motion is denied in all other respects. Defendants' motion for a hearing on its motion for leave (Dkt. No. 42) is **DENIED** as moot. Finally, the Court defers ruling on Plaintiff's motion for sanctions (Dkt. No. 18) until Defendants and Curtis have filed responses provided for herein.

**SO ORDERED** on September 8, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE