IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KSDB, LLC and R&M ADVISORS, LLC, Plaintiffs, | § | |
| v. | § | No. 3:25-CV-1830-N |
| MICHAEL SLOANE JR. and BLUE FIRE CAPITAL, LLC, Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

On July 14, 2026, the Court granted Plaintiffs' motion to compel Defendants' initial disclosures but deferred ruling on Plaintiffs' incorporated motion for reasonable expenses under Fed. R. Civ. P. 37(a)(5). (*See* Dkt. No. 25; *see also* Dkt. No. 18.) Defendants Michael L. Sloane II and Blue Fire Capital, LLC filed a response on October 8. (Dkt. No. 55 ("Def Resp.").) On October 9, Defendants' counsel, David M. Curtis, filed a Motion to Compel Arbitration and Request of Counsel to Withdraw. (Dkt. No. 60 ("Curtis Resp.").) Plaintiffs filed a Reply in support of an award of reasonable expenses on October 14. (Dkt. No. 62.)

Having considered the parties' briefs and applicable authority, the Court grants Plaintiffs' motion for reasonable expenses against Defendants in an amount to be determined by separate order. Curtis's motion to compel arbitration is denied, and his motion to withdraw is granted.

## I. BACKGROUND

Plaintiffs filed this lawsuit in July 2025 alleging claims for breach of contract and fraudulent inducement against Defendants Michael Sloane Jr. and Blue Fire Capital, LLC. (*See* Dkt. No. 1 ("Compl.").) An initial scheduling order was entered in April 2026. (*See* Dkt. No. 15.)

### A. After failing to fulfill discovery obligations, Defendants appear through new counsel claiming attorney abandonment.

On June 6, 2026, Plaintiffs filed a Motion to Compel Initial Disclosures and for Sanctions Pursuant to Fed. R. Civ. P. 37. (Dkt. No. 18 ("Mot").) According to the motion and the parties' joint report filed after the Rule 26(f) conference, the parties stipulated that they would exchange initial disclosures before May 15. (*See* Dkt. No. 14 at 3.) Plaintiffs stated in the motion that Defendants did not provide initial disclosures but agreed to do so by June 3. (Mot. at 1.) Defendants did not provide initial disclosures by that extended date, prompting Plaintiffs to file the motion to compel. (*Id.* at 2.) The United States District Judge referred that motion to the undersigned magistrate judge for a hearing, if necessary, and determination pursuant to 18 U.S.C. § 636(b). (Dkt. No. 23.)

Defendants did not file a response to the motion. So, on July 14, the Court granted Plaintiffs' motion compel and ordered Defendants to provide their initial disclosures no later than 2:00 p.m. on July 20. (Dkt. No. 25.) The Court also provided Defendants an opportunity to demonstrate why, under Fed. R. Civ. P.

37(a)(5)(A), reasonable expenses for bringing the motion should not be awarded. (*Id.*)

Also on July 14, Defendants—appearing through new counsel—filed a motion to quash subpoenas issued by Plaintiffs to Truist Bank for records relating to other entities associated with Defendants. (Dkt. No. 24.) Plaintiffs promptly responded (Dkt. No. 26), and, on July 30, Defendants filed a reply (Dkt. No. 30). In their reply, Defendants stated for the first time that their original attorney, David M. Curtis, had "effectively abandoned" them. (Dkt. No. 30 at 1.) They stated that their last contact with him was on May 21, that they believed Curtis was continuing to represent them, and they did not know whether he was dead or alive. (*Id.* at 1-2.) They asserted that, until July 13, they were "completely unaware of the Plaintiffs' outstanding discovery, deemed admissions, motion for summary judgment, or the Truist Bank subpoena." (*Id.* at 2.) Embracing the role of abandoned and innocent client, Defendants asked the Court to excuse their noncompliance with court rules, preserve their interests in contesting the document subpoena, and allow them to confer with opposing counsel. (*Id.* at 2-9.)

Meanwhile, on July 20, Plaintiffs filed a motion asking the Court to enter a show cause order for contempt sanctions based on Defendants' failure to provide the initial disclosures ordered by the deadline established in the July 14 order. (Dkt. No. 29.) Based on Defendants' assertion of attorney abandonment and the need to obtain new counsel, the Court stayed all discovery on the subpoena and Defendants'

obligations to respond to the July 14 order to allow Defendants to either confirm Curtis's continued representation or obtain new counsel. (Dkt. No. 31.)

On August 14, the new attorneys formally entered appearances on Defendants' behalf. (Dkt. Nos. 35, 36.) That same day, Defendants filed a Motion for Leave to Seek Declaration of Attorney Abandonment and Relief. (Dkt. No. 37.) Defendants asserted that Curtis's disappearance and "complete cessation of representation" harmed them by resulting in deemed admissions against them, a missed deadline to respond to a summary judgment motion, failure to provide initial disclosures, missed deadlines to respond to discovery, and more. (*Id.* at 1.) Defendants reaffirmed that their last "email contact" with Curtis was May 21 and that, since that time, they "reasonably believed their attorney was continuing to represent their interests in a competent and professional manner." (*Id.* at 2.) The motion suggested that Defendants lost contact with Curtis in mid-May but that, on August 4, 2026, Curtis said he would deliver their files and drafted discovery responses before going back into the hospital for medical treatment. (*Id.*) Defendants requested relief from deadlines and deemed admissions based on Curtis's purported abandonment. (*See id.* at 2-3.) According to Defendants, they "found themselves in a procedural predicament through no fault of their own[.]" (*Id.* at 3.) Defendants attached what is purported to be a declaration by Michael L. Sloane II, in which he claims complete unawareness of relevant litigation matters until told of them by new counsel, including the motion for summary judgment, outstanding

discovery propounded by Plaintiffs, and the order granting the motion to compel initial disclosures. (Dkt. No. 37 at ECF p. 24.)[1]

On September 8, the Court resolved the outstanding discovery motions, save the deferred matter of expenses that is addressed in this memorandum opinion. (*See* Dkt. No. 53.) Because Curtis had not filed anything despite still being counsel of record in this case, the Court accepted Defendants' factual representations underlying their claim of abandonment and granted relief to Defendants, allowing them to withdraw deemed admissions, denying contempt sanctions, and resetting their deadline to file a response to Plaintiffs' summary judgment motion. (*See id.* at 10-11.) The Court also restarted the deadline for Defendants—and Curtis—to file a response to the July 14 order and explain why an award of reasonable expenses related to the motion to compel would be inappropriate under Fed. R. Civ. P. 37(a)(5)(A). (*Id.* at 12.)

### B. Materials filed by Defendants' original counsel call into question their claim of abandonment and complete unawareness of discovery obligations.

Defendants and Curtis have now filed responses to the request for sanctions. (Def. Resp.; Curtis Resp.) Defendants contend that expenses should not be awarded because they were substantially justified in their tardy submission of initial disclosures and that other circumstances make an award of expenses unjust. (Def.

[1] The declaration is not creditable evidence, as it is not signed. Defendants attached a signed page, but it obviously does not match the signature page of the unsigned declaration attached to the motion.

Resp. at 5.) Defendants assert that they were unable to provide their initial disclosures as agreed on June 3 because Curtis was hospitalized, and they contend it would be unjust to impose sanctions against them based "their counsel's infirmities." (*Id.* at 6.) This is especially true, Defendants argue, "when Defendants were unaware of the Disclosures' May 15, 2026 or June 3, 2026 service deadline." (*Id.*)

Curtis filed his combined motion to compel and motion to withdraw on October 9. (Curtis Resp.) He did not address whether an order awarding expenses would be inappropriate for reasons expressed in Fed. R. Civ. P. 37(a)(5)(A). He did, however, attach documents calling into question Defendants' assertions that they were effectively abandoned by Curtis or that they reasonably relied on him to represent them. The correspondence shows that Defendants owed Curtis more than $14,000 for legal services rendered by April 2026 and that Curtis had been attempting to work out payment arrangements with Defendants to no avail. (*See* Dkt. Nos. 60-2, 60-3.) In an email dated May 19, 2026, Curtis advised Sloane that he intended to withdraw from the case. (Dkt. No. 60-3 at ECF p. 4.) Notably, two days earlier, Curtis sent Sloane an email attaching Plaintiffs' initial disclosures and stating that "[o]urs are due in 10 days." (*Id.* at ECF p. 6.) He added, "Once you make a deposit in accordance with our agreement then I'll know we have a deal an[d] will get started on our required disclosures." (*Id.*)

## II. LEGAL STANDARDS

The Court granted Plaintiffs' motion to compel initial disclosures, as authorized by Rule 37(a)(3)(A). (*See* Dkt. No. 25.) Under Rule 37(a)(5)(A), when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The rule provides that such an award of expenses should not be ordered if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure . . . without court action;
>
> (ii) the opposing party's nondisclosure . . . was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

The Court has already stated that exception (i) to an award of reasonable expenses does not apply here, as Plaintiffs demonstrated that they made considerable efforts to secure Defendants' initial disclosures without filing a motion to compel. (*See* Dkt. No. 25.) When a party's failure to comply with discovery precipitates a motion to compel, "[t]he party whose conduct necessitated the filing of a motion to compel discovery has the burden of showing that its actions were substantially justified." *Frenotec, LLC v. Texas Motorsports & Design LLC*, No. 3:25-CV-1457-X, 2026 WL 706081, at *2 (N.D. Tex. Mar. 12, 2026) (quoting *Architectural Granite & Marble, LLC v. Pental*, No. 3:20-CV-295-L, 2023 WL 121996, at *3 (N.D. Tex. Jan. 6,

2023)). "A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Keplar v. Google, LLC*, 346 F.R.D. 41, 53 (N.D. Tex. 2024).

## III. ANALYSIS

Defendants and Curtis have not shown that they were substantially justified in the conduct that precipitated Plaintiffs' motion to compel—i.e., the failure to provide Defendants' initial disclosures. Nor have they established that other circumstances render an award of reasonable expenses unjust.

Defendants' suggestions that they were blindsided by Curtis's "abandonment" is not supported by the record. Although warned by mid-May of an impending deadline for initial disclosures and Curtis's refusal to proceed with the representation without suitable payment arrangements, Defendants apparently took no action to ensure that the disclosures were provided, that the case proceeded, or that any explanation was given to Plaintiffs concerning a request to pause the litigation based on issues relating to representation. Instead, Defendants waited until mid-July, when they appeared through new counsel—not to fulfill their own discovery obligations but to protect their rights to prevent discovery from a third party. They sought protection from discovery obligations by portraying themselves as victims of attorney abandonment who were unaware of their obligations. (*See, e.g.*, Dkt. No. 37 at 2 ("[U]nbeknown to Defendants, Mr. Curtis underwent back surgery on April 30,

2026 at Baylor Hospital and had been in an intensive care unit for about six weeks[.]").)

Omitted from Defendants' narrative was the fact that Curtis told them on May 12 that he had undergone back surgery and that his recovery and rehabilitation would take "several months." (Dkt. No. 60-3 at ECF p. 2.) Defendants also failed to disclose that Curtis had been attempting for some time to work out payment arrangements for legal fees that were due and had informed them of his intent to withdraw from the case. And perhaps most critically, the correspondence squarely disproves Defendants' statement that they were unaware of their specific obligation to provide initial disclosures. (*See* Def. Resp. at 6.) Curtis told them on May 17 that he had received Plaintiffs' initial disclosures and that Defendants' disclosures were due in ten days. (Dkt. No. 60-3 at 6.) Defendants were aware of the disclosure deadline and counsel's unwillingness to move forward without a suitable arrangement for the payment of fees. Defendants have not shown substantial justification for their failure to provide initial disclosures by the extended deadline. That is, there was no genuine dispute that Defendants owed the initial disclosures, and Defendants have not shown that it was reasonable to do nothing when told of the impending deadline for disclosures and counsel's unwillingness to incur additional fees without any expectation of payment.

Nor do the circumstances establish that an expense award would be unjust. Plaintiffs were entitled to initial disclosures. As explained above, Defendants

effectively obtained an additional extension from the Court by claiming to have been abandoned by counsel and unaware of the ongoing proceedings. While it is quite possible that Defendant were not aware of every filing in this case, Curtis made them aware that discovery had begun and of the deadline for initial disclosures. They also knew that their failure to make payment arrangements jeopardized the ability to meet their litigation obligations. But Defendants did not seek a pause in the proceedings or do anything else that might have obviated Plaintiffs' need to file the motion to compel at that time. Requiring Defendants to shoulder the cost of Plaintiffs having to file a motion to compel is not unjust.

The payment of reasonable expenses by Defendants is additionally equitable based on Defendants' lack of forthrightness about the circumstances that have delayed this case. They pointed at Curtis's health conditions and lack of communication as solely responsible for their failures to comply with discovery obligations. Based on those representations, the Court reset deadlines for discovery responses, reset their deadline to respond to a summary judgment motion, and relieved them from deemed admissions. That is, Defendants have already received more relief than the Court might have determined Defendants were entitled to had they been entirely candid from the outset. Having them shoulder the cost of Plaintiffs' motion to compel, as is presumed by Rule 37(a)(5)(A), is particularly just in these circumstances.

Plaintiff's motion for an award of reasonable expenses (Dkt. No. 18) is **GRANTED** as to Defendants Michael Sloane, Jr. and Blue Fire Capital, LLC. Counsel for Plaintiffs and counsel for Defendants are **ORDERED** to confer no later than **October 23, 2026**, concerning the amount of reasonable expenses incurred by Plaintiffs in connection with the motion to compel. If the parties reach an agreement as to the amount of reasonable expenses, they are to file—within **three days** after concluding their conference—an agreed motion for an order awarding reasonable expenses.

If the parties are unable to agree on the amount of reasonable expenses after conferring, Plaintiff must file an opposed motion for reasonable expenses no later than **October 30, 2026**, attaching records necessary to support a "lodestar" calculation and including citations to relevant authorities. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using lodestar method to award fees under Rule 37). In that instance, Plaintiffs may request reasonable expenses relating to the "additional briefing . . . and can include 'fees on fees' for the time expended in filing a motion for attorney's fees." *Coleman v. Swift Transp.*, No. 3:23-CV-1729-G-BN, 2025 WL 866147, at *2 (N.D. Tex. Mar. 19, 2025) (cleaned up). Defendants shall file a response to the motion within **ten days** after Plaintiffs file the motion. Plaintiffs may file a reply in support of the motion, but no additional documents, within **three days** after Defendants file their response.

## IV. CURTIS'S MOTIONS

As noted above, Curtis did not file a response to the Court's September 8 order inquiring whether grounds exist to excuse an expense award under Rule 37(a)(5)(A)(ii) or (iii). Instead, he filed a motion to compel arbitration and a motion to withdraw from the case. (Dkt. No. 60.) Senior United States District Judge David C. Godbey has referred the motions to the undersigned magistrate judge for determination pursuant to 28 U.S.C. § 636(b). (Dkt. No. 63.)

Curtis's motion to compel arbitration is **DENIED**. As Curtis acknowledges, the retention agreement between him and Defendants obligates *them* to arbitrate disputes between *them*. There have been no claims for relief asserted between them in this action. Rather, these proceedings are between Plaintiffs and Defendants, and the instant motion concerns whether Defendants or Curtis—or both—can show why the Court should refrain from awarding reasonable costs to Plaintiffs under Rule 37(a)(5)(A). Any legal claims for relief made between Curtis and Defendants may be subject to mandatory arbitration under the retainer agreement, but such claims simply are not present in this action.

Curtis's motion to withdraw is **GRANTED**. "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010). "A court's determination whether an attorney has good cause to withdraw depends on the facts

and circumstances of the case." *Edwards v. Oliver*, No. 3:17-CV-1208-M-BT, 2022 WL 4820147, at *1 (N.D. Tex. Sept. 30, 2022). Curtis has shown good cause for withdrawal. *See Khanchandani v. ASK IT Sols., LLC*, No. 3:25-CV-793-K, 2026 WL 228777, at *1 (N.D. Tex. Jan. 28, 2026) ("Failure to pay the lawyer's fee has been recognized as good cause for withdrawal." (citing *Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013))). Additionally, withdrawal will not disrupt the progression of this lawsuit, as new counsel have appeared and are diligently representing Defendants in this action.

## V. CONCLUSION

Plaintiffs' motion for reasonable expenses (Dkt. No. 18) is **GRANTED** as to Defendants in an amount to be determined by separate order. Curtis's October 9 motion (Dkt. No. 60) is **DENIED** to the extent he seeks an order compelling arbitration between him and Defendants, and it is **GRANTED** in allowing Curtis to withdraw from further representation of Defendants in this action.

**SO ORDERED** on October 19, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE